


# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-12-1093

| | | |
|---|---|---|
| BROOK A. ROGERS | | **Opinion Delivered** November 13, 2013 |
| | APPELLANT | |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTEENTH DIVISION [NO. DR–2004-720] |
| V. | | |
| DENA A. ROGERS | | |
| | APPELLEE | HONORABLE RICHARD A. MOORE, JR., JUDGE |
| | | REBRIEFING ORDERED |

## BRANDON J. HARRISON, Judge

Brook Rogers appeals the Pulaski County Circuit Court order requiring, among other things, that he pay $40,709.85 in marital-retirement benefits to Dena Rogers, his former wife. We will not decide this case on the merits at this point; instead, we order rebriefing.

Arkansas Supreme Court Rule 4–2(a)(5) (2013) provides in pertinent part:

(5) Abstract. The appellant shall create an abstract of the material parts of all the transcripts (stenographically reported material) in the record. Information in a transcript is material if the information is essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal.

. . . .

(B) Form. The abstract shall be an impartial condensation, without comment or emphasis, of the transcript (stenographically reported material). The abstract must not reproduce the transcript verbatim. No more than one page of a transcript shall be abstracted without giving a record page reference. In abstracting testimony, the first person ("I") rather than the third person ("He or She") shall be used. The question-and-answer format shall not be used. In the extraordinary situations where a short exchange cannot be converted to a first-person narrative without losing important meaning, however, the abstract may include brief quotations from the

transcript.

Brook's abstract does not comply with the rule because substantial portions of it contain verbatim reproductions of the transcript or appear in question-and-answer format.

We therefore order Brook to file a compliant substituted brief within fifteen days from this opinion's date. Ark. Sup. Ct. R. 4-2(b)(3). After Brook's substituted brief has been served, Dena may revise or substitute her brief within fifteen days, if she so chooses. *See id.* Brook should also review our rules to ensure that his substituted brief is free of additional deficiencies. A subsequent failure to file a compliant brief may result in this court affirming the circuit court's order or judgment due to noncompliance. *See* Ark. Sup. Ct. R. 4-2(b)(3); *Carter v. Cline*, 2011 Ark. 266.

Rebriefing ordered.

GRUBER and WHITEAKER, JJ., agree.

*Robertson Law Firm, PLLC*, by: *Robert "Chris" Oswalt*, for appellant.

*Stephen Cobb*, for appellee.